| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| _____ District of _____ (State) |
| Case number (If known): _____ Chapter _____ |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  _____

2. **All other names debtor used in the last 8 years**
   _____
   _____
   Include any assumed names, trade names, and *doing business as* names
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number** (EIN)    _2_ _0_ – _5_ _7_ _0_ _2_ _2_ _2_ _9_

4. **Debtor's address**

   **Principal place of business**
   
   _____
   Number    Street
   
   _____
   
   _____
   City                State    ZIP Code
   
   _____
   County

   **Mailing address, if different from principal place of business**
   
   _____
   Number    Street
   
   _____
   P.O. Box
   
   _____
   City                State    ZIP Code
   
   **Location of principal assets, if different from principal place of business**
   
   _____
   Number    Street
   
   _____
   
   _____
   City                State    ZIP Code

5. **Debtor's website** (URL)   _____

Debtor _____  Case number (*if known*)_____
     *Name*

| | | |
|---|---|---|
| 6. | **Type of debtor** | ❏ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>❏ Partnership (excluding LLP)<br>❏ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br><br>❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>❏ Railroad (as defined in 11 U.S.C. § 101(44))<br>❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>❏ None of the above<br><br>B. *Check all that apply:*<br><br>❏ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.<br><br>  _4_ _4_ _8_ _1_ |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br><br>❏ Chapter 7<br>❏ Chapter 9<br>❏ Chapter 11. *Check **all** that apply*:<br><br>  ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>  ❏ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>  ❏ A plan is being filed with this petition.<br><br>  ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br><br>  ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br><br>  ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br><br>❏ Chapter 12 |

Debtor _____    Case number (*if known*)_____
        Name

| | | |
|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** <br><br> If more than 2 cases, attach a separate list. | ☐ No <br> ☐ Yes. District _____ When _____ Case number _____ <br>                                             MM / DD / YYYY <br>             District _____ When _____ Case number _____ <br>                                             MM / DD / YYYY |
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ☐ No <br> ☐ Yes. Debtor _____ Relationship _____ <br>            District _____ When _____ <br>                                                                           MM / DD / YYYY <br>            Case number, if known _____ |
| **11.** | **Why is the case filed in *this district*?** | *Check all that apply:* <br> ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. <br> ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☐ No <br> ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. <br><br> **Why does the property need immediate attention?** (*Check all that apply.*) <br> ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. <br>     What is the hazard? _____ <br> ☐ It needs to be physically secured or protected from the weather. <br> ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). <br> ☐ Other _____ <br><br> **Where is the property?** _____ <br>                              Number     Street <br>                        _____ <br>                        _____  _____  _____ <br>                        City                                State  ZIP Code <br><br> **Is the property insured?** <br> ☐ No <br> ☐ Yes. Insurance agency _____ <br>           Contact name _____ <br>           Phone _____ |

▮ **Statistical and administrative information**

Debtor _____    Case number (*if known*)_____
       Name

| | | | |
|---|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>❏ Funds will be available for distribution to unsecured creditors.<br>❏ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
| **14. Estimated number of creditors** | ❏ 1-49<br>❏ 50-99<br>❏ 100-199<br>❏ 200-999 | ❏ 1,000-5,000<br>❏ 5,001-10,000<br>❏ 10,001-25,000 | ❏ 25,001-50,000<br>❏ 50,001-100,000<br>❏ More than 100,000 |
| **15. Estimated assets** | ❏ $0-$50,000<br>❏ $50,001-$100,000<br>❏ $100,001-$500,000<br>❏ $500,001-$1 million | ❏ $1,000,001-$10 million<br>❏ $10,000,001-$50 million<br>❏ $50,000,001-$100 million<br>❏ $100,000,001-$500 million | ❏ $500,000,001-$1 billion<br>❏ $1,000,000,001-$10 billion<br>❏ $10,000,000,001-$50 billion<br>❏ More than $50 billion |
| **16. Estimated liabilities** | ❏ $0-$50,000<br>❏ $50,001-$100,000<br>❏ $100,001-$500,000<br>❏ $500,001-$1 million | ❏ $1,000,001-$10 million<br>❏ $10,000,001-$50 million<br>❏ $50,000,001-$100 million<br>❏ $100,000,001-$500 million | ❏ $500,000,001-$1 billion<br>❏ $1,000,000,001-$10 billion<br>❏ $10,000,000,001-$50 billion<br>❏ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
                 MM / DD / YYYY

✗ ___*/s/ John Bittner*_____    _____
Signature of authorized representative of debtor    Printed name

Title _____

Debtor _____    Case number (if known)_____
        Name

18. **Signature of attorney**  ✖  _____/s/ Dennis A. Meloro_____    Date    _____
                            Signature of attorney for debtor                                              MM  / DD  / YYYY

_____
Printed name
_____
Firm name
_____
Number      Street
_____    _____ _____
City                                                 State       ZIP Code

_____    _____
Contact phone                                  Email address

_____ _____
Bar number                                         State

**UNANIMOUS WRITTEN CONSENT
OF THE
BOARD OF DIRECTORS
OF
MUJI U.S.A. LIMITED**

**(a Delaware corporation)**

**July 9, 2020**

The undersigned, being all of the members of the board of directors (the "Board") of MUJI U.S.A. Limited, a Delaware corporation (the "Company"), and acting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware (the "DGCL"), do hereby consent to the adoption of and do hereby adopt the following resolutions by written consent in lieu of a meeting:

**WHEREAS**, the Board has considered presentations by the Company's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, and the Board has had the opportunity to consult with the Company's Management and Advisors and fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, the Board has determined that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company be authorized to file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware or in any other court of competent jurisdiction (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be necessary, appropriate, or desirable under applicable law in the United States;

**WHEREAS**, the Board has determined that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company retain and appoint professionals, as necessary, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, with a view to the successful prosecution of the Chapter 11 Case;

**WHEREAS**, the Board previously appointed a chief restructuring officer (the "CRO") to assist the Company with the successful prosecution of its Chapter 11 Case; and

**WHEREAS**, the Board has determined that it is desirable and in the best interests of the Company to take the following actions and adopt the following resolutions.

**I.     CHAPTER 11 FILING**

**NOW, THEREFORE, BE IT RESOLVED**, that the CRO and any officer of the Company (each, an "Authorized Person" and collectively, the "Authorized Persons"), acting alone

or with one or more other Authorized Persons, be and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to file or cause to be filed the Chapter 11 Case under the provisions of the Bankruptcy Code in the Bankruptcy Court;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to negotiate, execute, deliver, file, and record all petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents (collectively, the "Chapter 11 Documents"), and to take any and all action such Authorized Person determines to be necessary, appropriate, or desirable in connection with the Chapter 11 Case (including, without limitation, to pay fees, expenses, and taxes and to take any action to maintain the ordinary course operation of the Company's business) (any such determination to be conclusively evidenced by the taking of any such action by such Authorized Person);

## II.   RETENTION OF PROFESSIONALS

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the law firm of Greenberg Traurig, LLP ("Greenberg Traurig"), as the Company's counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, including filing any Chapter 11 Documents, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Greenberg Traurig, in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the firm of Mackinac Partners LLC ("Mackinac"), as the Company's financial advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, and, in connection therewith, each of the Authorized Persons is, with power of delegation, hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Mackinac in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the firm of B. Riley Real Estate, LLC ("BRRE"), as the Company's real property lease consultant, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, and, in connection therewith, each of the Authorized Persons is, with power of delegation, hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain BRRE in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ Donlin, Recano & Company, Inc., as the claims and noticing agent (the "Claims Agent"), to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the Claims Agent in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ any other professionals to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as such Authorized Person determines is necessary, appropriate, or desirable (including, without limitation, special counsel to the extent determined necessary, appropriate, or desirable), (any such determination to be conclusively evidenced by the taking of any such action by such Authorized Person);

### III. GENERAL

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to negotiate, execute, deliver, file, and record any amendments, restatements, supplements, or other modifications to the Chapter 11 Documents, and all other agreements, documents, and instruments contemplated by these resolutions which such Authorized Person shall determine are necessary, appropriate, or desirable (any such determination to be conclusively evidenced by such Authorized Person's execution and delivery thereof);

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon each Authorized Person, such Authorized Person (and such Authorized Person's designees and delegates) be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to negotiate, execute, deliver, file, and record any and all such agreements, documents, and instruments, and to pay all expenses and fees (including but not limited to filing fees) in each case as in such Authorized Person's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions adopted herein (any such action to be conclusive evidence that such person deemed the same to meet such standard);

**FURTHER RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Bylaws of the Corporation and/or the DGCL, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts, actions, or transactions were taken or consummated before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, action, or transaction had been specifically authorized in advance by resolution of the Board; and

**FURTHER RESOLVED**, that this consent may be signed in multiple counterparts each of which when taken together shall constitute one document.

*[Continued on following page]*

IN WITNESS WHEREOF, the undersigned directors have executed this written consent as of the date first above written.

_____
Name: Satoshi Okazaki
Director

_____
Name: Toru Akita
Director

_____
Name: Takahiro Otomo
Director

_____
Name: Takafumi Makita
Director

_____
Name: Kouta Sugiyama
Director

_____
Name: Victoria L. Creason
Director

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MUJI U.S.A. LIMITED,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-_____ |

## LIST OF EQUITY SECURITY HOLDERS

The following is a list of MUJI U.S.A. Limited's equity security holders. This list has been prepared in accordance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure for filing this chapter 11 case.

| **Name and Address of Holder** | **Percentage** |
|---|---|
| Ryohin Keikaku Co., Ltd. | 100% |
| 4-26-3 Higashi-Ikebukuro, Toshima-ku<br>Tokyo, Japan  170-8424 | |

---

[1] The last four digits of the Debtor's federal tax identification number are (2229). The location of the Debtor's principal place of business is 250 West 39th Street, Suite 202, New York, NY 10018.

ACTIVE 50454244v2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> MUJI U.S.A. LIMITED,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-_____ |

### STATEMENT OF CORPORATE OWNERSHIP PURSUANT TO RULES 1007(a)(1) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, and to enable the Judges to evaluate possible disqualification or recusal, the above-captioned debtor and debtor-in-possession (the "Debtor") hereby discloses that the following corporation, other than the Debtor or a governmental unit, directly or indirectly owns ten percent (10%) or more of any class of the Debtor's equity interests:

- Ryohin Keikaku Co., Ltd.

---

[1] The last four digits of the Debtor's federal tax identification number are (2229). The location of the Debtor's principal place of business is 250 West 39th Street, Suite 202, New York, NY 10018.

| Fill in this information to identify the case: |
|---|
| **Debtor name:** MUJI U.S.A. Limited |
| **United States Bankruptcy Court for the:** District of Delaware |
| **Case number (if known):** 20-_____ |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui- dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Kent & Wythe Owners LLC<br>C/O C&C Affordable Management<br>1735 Park Avenue<br>Suite 300<br>New York NY 10035 | Cynthia Oleago<br>coleaga@ccmanagers.com<br>Tel: (212) 348-3248 | Lease | ☐ C<br>☐ U<br>☑ D | | | $273,688.83 |
| 2 | Westland Garden State Plaza Limited Partnership<br>Attn: Legal Department<br>2049 Century Park East<br>41st Floor<br>Los Angeles CA 90067 | Mariela Chapina<br>mariela.chapina@urw.com<br>Tel: (310) 689-3983 | Lease | ☐ C<br>☐ U<br>☑ D | | | $262,096.32 |
| 3 | EOSII/SB Portland, LLC<br>1001 SW 5th Ave #1100<br>Portland OR 97204 | Carole Woodruff<br>cwoodruff@sterlingbay.com<br>Tel: (503) 462-1485 | Lease | ☐ C<br>☐ U<br>☑ D | | | $230,969.00 |
| 4 | FC Eighth Ave LLC<br>50 Public Square, Suite 700<br>Cleveland OH 44113-2203 | Felicia Mena<br>fmena@halstead.com<br>Tel: (216) 416-3062 | Lease | ☐ C<br>☐ U<br>☑ D | | | $146,289.00 |
| 5 | Santa Anita Shoppingtown LP<br>Attn: Legal Department<br>2049 Century Park East<br>41st Floor<br>Los Angeles CA 90067 | Mariela Chapina<br>mariela.chapina@urw.com<br>Tel: (310) 689-3983 | Lease | ☐ C<br>☐ U<br>☑ D | | | $120,686.22 |
| 6 | The Mapama Corporation<br>545 Broadway<br>New York NY 10022 | Virginia Parisi<br>parisi_virana@verizon.net;<br>virginiabook@yahoo.com<br>Tel: (212) 608-1234 | Lease | ☐ C<br>☐ U<br>☑ D | | | $120,000.00 |
| 7 | IGS Realty Company<br>336 W. 37th St, 12th Fl W.<br>New York NY 10018 | Natia DiVincenti<br>natiadv@aol.com<br>Tel: (212) 563-1098 | Lease | ☐ C<br>☐ U<br>☑ D | | | $31,332.40 |

Debtor    **MUJI U.S.A. Limited**                                                                                           Case number *(if known)* 20-_____

| | **Name of creditor and complete mailing address, including zip code** | **Name, telephone number, and email address of creditor contact** | **Nature of the claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent unliqui-dated, or disputed** | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 8 | Print City Corporation<br>117W 29th Street<br>New York NY 10001 | sales@printcityny.com<br>Tel: (212) 487-9778 | Trade | ☐ C<br>☐ U<br>☐ D | | | $29,993.29 |
| 9 | Fast Signs<br>335 North La Clenega Blvd<br>Los Angeles CA 90048 | Catherine Monson<br>570@fastsigns.com<br>Tel: (323) 456-4500 | Trade | ☐ C<br>☐ U<br>☐ D | | | $23,809.15 |
| 10 | Mitsubishi Corporation (Americas)<br>655 3rd Ave<br>New York NY 10017 | Juan L. Ramirez<br>Tel: (212) 605-2526<br>Fax: (212) 605-2597 | Reimbursement | ☐ C<br>☐ U<br>☐ D | | | $21,036.05 |
| 11 | Camron Public Relations Ltd<br>Attn: Lorraine Parker<br>270 Lafayette Street<br>Suite 600<br>New York NY 10012 | Tim Monaghan<br>Tim.Monaghan@camronpr.com<br>Tel: (917) 675-4380 | Trade | ☐ C<br>☐ U<br>☐ D | | | $13,000.00 |
| 12 | New Horizon Communications<br>P.O. Box 981073<br>Boston MA 02298 | Douglas Fabbricatore<br>custservice@nhcgrp.com<br>Tel: (781) 290-4600 | Trade | ☐ C<br>☐ U<br>☐ D | | | $12,779.27 |
| 13 | Factory Direct Promos<br>6490 S Sprinkle Rd<br>Portage MI 49002 | Tel: (866) 222-0949 | Trade | ☐ C<br>☐ U<br>☐ D | | | $11,391.14 |
| 14 | BKNY Printing<br>105 Jamaica Ave<br>Brooklyn NY 11207 | Tel: (718) 875-4219 | Trade | ☐ C<br>☐ U<br>☐ D | | | $10,594.07 |
| 15 | Los Angeles County Tax Collector<br>P.O. Box 514818<br>Los Angeles CA 90051-4818 | Mark Saladino<br>unsecured@ttc.lacounty.gov<br>Tel: (213) 974-2111 | Tax | ☐ C<br>☐ U<br>☐ D | | | $8,964.67 |
| 16 | Granata Sign Co., LLC<br>80-90 Lincoln Ave<br>Stamford CT 06902 | Ivo Granata<br>Ivo@granatasigns.com<br>Tel: (203) 358-0780<br>Fax: (203) 358-8049 | Trade | ☐ C<br>☐ U<br>☐ D | | | $7,816.87 |
| 17 | Gardaworld<br>Garda CL Atlantic, Inc.<br>LOCKBOX #233209<br>Chicago IL 60689-5332 | Christopher Jenkins<br>christopher.jenkins@garda.com<br>Tel: (877) 287-8889<br>Fax: (971) 445-1291 | Trade | ☐ C<br>☐ U<br>☐ D | | | $5,310.58 |
| 18 | Uline<br>PO Box 88741<br>Chicago IL 60680-1741 | Patrick Milne<br>customer.service@uline.com<br>Tel: (800) 295-5510<br>Fax: (800) 295-5571 | Trade | ☐ C<br>☐ U<br>☐ D | | | $4,949.42 |

Debtor    **MUJI U.S.A. Limited**                                                                                   Case number *(if known)* **20-_____**

| | **Name of creditor and complete mailing address, including zip code** | **Name, telephone number, and email address of creditor contact** | **Nature of the claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent unliqui- dated, or disputed** | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 19 | Cayan<br>One Federal Street<br>Boston MA 02110 | Mark Porzucek<br>mporzuczek@cayan.com<br>Tel: (617) 275-7905 | Trade | ☐ C<br>☐ U<br>☐ D | | | $4,351.50 |
| 20 | New York State Insurance Fund Disability Benefits<br>P.O. Box 5239<br>New York NY 10008 | Tel: (212) 312-9000 | Tax | ☐ C<br>☐ U<br>☐ D | | | $3,661.46 |

**Fill in this information to identify the case and this filing:**

Debtor Name  MUJI U.S.A. Limited

United States Bankruptcy Court for the: _____  District of  Delaware
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❑ *Schedule H: Codebtors* (Official Form 206H)
- ❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❑ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __07/10/2020__          ✗ __/s/ *John Bittner*_____
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

John Bittner
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**